UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATIYA ADERAMO, ) <br> ) <br> Plaintiff, ) <br> ) Case _____ <br> vs. ) <br> ) <br> LEGACY PHARMACEUTICAL ) <br> PACKAGING, LLC, ) <br> ) <br> Defendant. ) | |

## **COMPLAINT**

COMES NOW Plaintiff, by and through counsel, and for her Complaint, states as follows:

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Civil Rights Act of 1991, and under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") to correct unlawful employment practices on the basis of race and to provide relief to Latiya Aderamo ("Plaintiff" or "Aderamo"), who was adversely affected by such practices, and to prevent further occurrence of such practices. As alleged with greater particularity in paragraphs below, Plaintiff alleges that Defendant **Legacy Pharmaceutical Packing, LLC** ("Legacy" or "Defendant") unlawfully discriminated

1

against Adermao when it failed to promote her because of her race on or about February 15, 2022, in violation of Title VII and Section 1981.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and pursuant to Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, pursuant to Title VII, 42 U.S.C. §2000e-5(f)(3) and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## PARTIES

3. Aderamo is an African-American citizen of the United States who lives in St. Louis, Missouri.

4. Defendant Legacy is a Missouri domestic corporation, registered in Missouri and doing business in St. Louis County.

5. Material events and transactions underlying Plaintiff's claims occurred within St. Louis County, State of Missouri.

6. At all relevant times, Legacy has continuously been an employer engaged in an industry affecting commerce under both Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h), as well as under Section 1981.

## ADMINISTRATIVE PROCEDURES

7. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination.

8. On September 22, 2023, the EEOC issued Plaintiff a Notice of Right to Sue and Plaintiff thereafter filed this suit in a timely manner on December 15, 2023.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Plaintiff began working for the company in 2014. She is an African-American female. She started as a temporary employee, and became a full-time employee of the company as a machine operator.

11. Plaintiff performed her job well. Unlike some others in the

workplace, Plaintiff has an undergraduate degree.

12. Plaintiff worked as a Line Lead after working as a Machine Operator and was promoted to a Production Supervisor in 2018. The next promotion above that level would be as a Production Manager.

13. In November 2021, a position became available for a Production Manager. Plaintiff applied for the position on November 16, 2021, by submitting her application to Dan Schweitzer, who was the Senior Production Manager, and her direct supervisor.

14. Plaintiff was qualified for the promotion. Plaintiff had been a production supervisor for over three years by then, since June 2018 at that point.

15. Mike Walden, white male, was hired for the Production Manager position on February 15, 2022.

16. Plaintiff was never interviewed for the position because Schweitzer never turned in Plaintiff's application to Human Resources. Walden does not have the same level of experience as Plaintiff does. Walden had worked for the company previously and quit. Walden is a social friend with Matt Rayner, the EVP for Ops, who made the hiring decision.

17. During this time, Plaintiff continued her education and earned a Masters in Business Administration in May 2022.

## COUNT I — RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

18. Plaintiff incorporates and re-alleges all allegations contained within paragraphs 1 through 16 above as if fully set forth herein.

19. In or around February 15, 2022, Defendant engaged in unlawful employment practices by discriminating against Plaintiff, a black female, when it hired a white male because of his race in violation of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1), and Section 1981.

20. Plaintiff's race was a motivating factor in the decision to hire Walden and not Plaintiff because, in part, other positions have been awarded to white employees when the positions were not posted. Another motivating factor was that Schweitzer hid Plaintiff's application from HR, which kept Plaintiff from participating in the process.

21. Defendant's conduct, as aforesaid, constitutes an unlawful employment practice under Title VII and Section 1981.

22. As a direct result of Defendant's unlawful employment practices, Plaintiff has been damaged in the form of diminished employment status, out-of-pocket costs and expenses, emotional distress and humiliation.

23. Defendants' actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

5

24. Plaintiff demands a trial by jury on this Count I of her Complaint.

WHEREFORE, on Count I of this Complaint, Plaintiff prays this Court to enter its order, judgment and decree awarding her:

a) a sum of money making Plaintiff whole for the harm caused, including

compensatory damages and damages for emotional distress and humiliation;

b) promotion to a Production Manager position with Defendant;

c) punitive damages to punish and deter Defendant and others from like conduct;

d) costs of litigation and a reasonable sum as and for attorney's fees;

e) pre-judgment interest; and

f) such other and further relief as this Court deems just and proper.

## COUNT II: SECTION 1981 - DISCRIMINATION ON THE BASIS OF RACE

25. This claim arises under 42 U.S.C. § 1981 ("Section 1981").

26. Aderamo realleges the foregoing paragraphs as though fully set forth herein.

27. Aderamo is a member of a protected class on the basis of race. She

is an African-American woman.

28. Aderamo, in all respects, was performing her job in a manner that was consistent with Legacy's legitimate business expectations.

29. Legacy discriminated against Aderamo as described above on the basis of her race, including but not limited to, failing to promote her to the Production Manager position when she was qualified, more qualified than Walden, and intentionally failed to consider her application for the promotion at issue.

30. Legacy's actions were taken with a willful and wanton disregard of Aderamo's rights under Section 1981.

31. As a direct and proximate result of said unlawful employment practices and in disregard of Aderamo's rights and sensibilities, Aderamo has suffered humiliation,
degradation, emotional distress, other consequential damages, and lost wages.

WHEREFORE, on Count II of her Complaint, Plaintiff prays this Court enter its order, judgment and decree awarding her:

A. Enter judgment in favor of Plaintiff and against the Defendant for violation of Aderamo's Rights under Section 1981;

B. Declare that the actions of the Defendant constituted unlawful

7

discrimination.

C. promotion to a Production Manager position with Defendant;

D. Award Aderamo compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate her for her losses, and damages for emotional distress;

E. Award Aderamo punitive damages in such amount as the Court deems proper;

F. Award Aderamo her costs, attorneys' fees, and non-taxable expenses in this action; and

G. Grant Aderamo such other and further relief as the Court deems equitable and just.

Respectfully submitted,

**GHIO LAW FIRM LLC**

By: _____
Matthew J. Ghio          #44799
In the Historic Dickmann Building
3115 S. Grand, Suite 100
St. Louis, Missouri 63118
(314) 707-5853
(314) 732-1404 (fax)
matt@ghioemploymentlaw.com